**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**ANDREW RAPPAPORT,**
**TRACEY BRIDGES,**

                  **Plaintiffs,**

**-vs-**                                      **Case No. 6:07-cv-468-Orl-19DAB**

**EMBARQ MANAGEMENT COMPANY,**

                  **Defendant.**

_____

**REPORT AND RECOMMENDATION AND ORDER**

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration at the Final Pretrial Conference and Fairness Hearing, and it is **ordered and recommended** as follows:

> **MOTION:**    **ORE TENUS MOTION TO WITHDRAW CONSENTS TO JOIN (DOC. NOS. 37-38, 40-45)**
>
> **FILED:**      **September 4, 2008**
> _____
>
> **THEREON** it is **ORDERED** that the motion is **GRANTED**.

At hearing, Plaintiff's new counsel moved to withdraw the consents to join of all non-named parties, and to proceed to trial solely on the claim of Ms. Bridges. Absent objection by Defendant, the motion is **granted**, and the consents are withdrawn without prejudice.

*Fairness Hearing*

Pursuant to the direction of the District Judge (Doc. No. 65) and upon notice (Doc. No. 70), the Court held a fairness hearing regarding Plaintiff Rappaport's acceptance of Defendant's offer of

judgment. As set forth at hearing by defense counsel, Plaintiff's overtime claim consisted of, at best, no more than 15 hours total. Although Defendant disputed entitlement, in view of the small amount of the claim, the parties settled, as set forth in the Offer of Judgement, for $2,000 ($450 for overtime claim, $450 for liquidated damages, $100 in consideration of signing a general release, and $1,000 for attorney's fees). Plaintiff's paralegal stated that the fees were less than that incurred by the Plaintiff's firm in prosecuting the action.

In considering settlement of a Fair Labor Standards Act ("FLSA") claim, the Court is to determine whether the settlement is a "fair and reasonable resolution of a bona fide dispute" of the FLSA issues. *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354-55 (11th Cir. 1982). If a settlement is not one supervised by the Department of Labor, the only other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations. "When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." *Id.* at 1353 (citing *Schulte, Inc. v. Gangi*, 328 U.S. 108, 66 S.Ct. 925, 928 n.8, 90 L.Ed.1114).

The Eleventh Circuit has held that "[s]ettlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context." *Id.* at 1354. In adversarial cases:

> The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable

>   compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Id.*

The Court finds the settlement, in view of the amount of the claim and the asserted defenses, to be appropriate in this case. Although the Court makes no finding with respect to the amount paid for a general release, the parties agree that the settlement is a "fair and reasonable settlement of a bona fide dispute" and the Court concurs. It is therefore **respectfully recommended** that the Plaintiff's acceptance of the Offer of Judgment be **approved.**

The case shall proceed to trial solely on the remaining claim of co-Plaintiff, Tracey Bridges. At the request of the parties and with her consent, the case is **referred for settlement conference** to be held before The Honorable Karla R. Spaulding, United States Magistrate Judge, on **September 22, 2008 (or at such time and date as shall be convenient for the Court)**. The parties are **directed** to contact Edward Jackson, Judge Spaulding's courtroom deputy, for scheduling.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on September 4, 2008.

*David A. Baker*
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Courtroom Deputy

Edward Jackson