**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**ANDREW RAPPAPORT, and**
**TRACEY BRIDGES**

                        **Plaintiffs,**

**-vs-**                                      **Case No. 6:07-cv-468-Orl-19DAB**

**EMBARQ MANAGEMENT COMPANY,**

                        **Defendant.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

      This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**    **JOINT MOTION FOR APPROVAL OF SETTLEMENT (Doc. No. 86)**
>
> **FILED:**    **October 2, 2008**
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

      Pursuant to the direction of the District Judge (Doc. No. 84) and upon notice (Doc. No. 85), the Court held a fairness hearing regarding Plaintiff Bridges's acceptance of Defendant's offer of judgment. As set forth at hearing and in the papers, Plaintiff's overtime claim consisted of $2,300 and a like amount of liquidated damages, plus attorney's fees. Although Defendant disputed entitlement, in view of the small amount of the claim, the parties settled as set forth in the papers, for $2,300 total

to Plaintiff ($1,000 for the claim, $1,000 in liquidated damages, and $300 in consideration of signing the general release), and $7,200 for attorney's fees and costs.

In considering settlement of a Fair Labor Standards Act ("FLSA") claim, the Court is to determine whether the settlement is a "fair and reasonable resolution of a bona fide dispute" of the FLSA issues. *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354-55 (11th Cir. 1982). If a settlement is not one supervised by the Department of Labor, the only other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations. "When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." *Id.* at 1353 (citing *Schulte, Inc. v. Gangi*, 328 U.S. 108, 66 S.Ct. 925, 928 n.8, 90 L.Ed.1114).

The Eleventh Circuit has held that "[s]ettlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context." *Id.* at 1354. In adversarial cases:

> The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Id.*

The Court finds the settlement, in view of the amount of the claim and the asserted defenses, to be appropriate in this case. Although the Court makes no finding with respect to the amount paid for a general release, the parties agree that the settlement is a "fair and reasonable settlement of a bona fide dispute" and the Court concurs. Although the amount of attorney's fees is much higher than usual for these cases, the Court finds the amount reasonable under the circumstances. The papers reflect particularly strong asserted defenses and the case was prepared through the Pretrial Statement. It is therefore **respectfully recommended** that the settlement be **approved** and the action be dismissed, as requested.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on October 3, 2008.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Courtroom Deputy